**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**PETTERSEN & BARK**
William Pettersen (State Bar #82637)
1620 Union Street
San Diego, CA 92101
Telephone: (619) 702-0123
Facsimile: (619) 702-0127

Attorneys for Plaintiffs

FILED

2008 JUN 20 PM 3: 11

SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

**ORIGINAL**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BRENDA TULL, an individual,  DARYL SWING, an individual, and RHONDA OLIVER, an individual, on behalf of themselves, and on behalf of all persons similarly situated,

        Plaintiffs,

vs.

STEWART TITLE OF CALIFORNIA, INC., a California Corporation, and Does 1 to 100,

        Defendants.

CASE No. **'08 CV 1095 BTM JMA**

CLASS AND COLLECTIVE ACTION COMPLAINT FOR:

1. FAILURE TO PAY REGULAR AND OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*;

2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 515, 551, 552, 1194 AND 1198, *et seq.*;

3. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203;

4. FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE § 226.7 AND 512;

5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,

6. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*

DEMAND FOR A JURY TRIAL

COMPLAINT



1    Plaintiffs Brenda Tull, Daryl Swing and Rhonda Oliver allege on information and belief, except

2    for their own acts and knowledge, the following:

3    ## NATURE OF THE ACTION

4    1.    Plaintiffs Brenda Tull,  Daryl Swing and Rhonda Oliver ("Plaintiffs") bring this class

5    action on behalf of themselves and Classes consisting of all individuals who are or previously were

6    employed by Defendant Stewart Title of California, Inc. ("Stewart Title") as Title Officers, Title

7    Assistants or  Escrow Officers, or other similarly situated positions during the Class periods as

8    hereinafter defined (the "Classes").

9    2.    Individuals in these positions are and were employees who are entitled to be

10   classified as non-exempt, paid for regular and overtime compensation, provided with meal breaks,

11   prompt payment of amounts that the employer owes an employee when the employee quits or is

12   terminated, and other compensation and working conditions that are prescribed by law.

13   3.    Although Stewart Title requires its employees employed as Title Officers, Title

14   Assistants and Escrow Officers, and other similarly situated positions, to work more than forty (40)

15   hours a week, as a matter of policy and practice, Stewart Title  consistently and uniformly misclassified

16   these employees as exempt and denied them the required overtime and other compensation that the law

17   requires.

18   4.    In this action, Plaintiffs, on behalf of themselves and the Class, seek to be

19   reclassified as non-exempt and recover all the compensation that Stewart Title  was required by law to

20   provide, but failed to provide, to Plaintiff and all other Class members.

21

22   ## JURISDICTION AND VENUE

23   5.    This Court has jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. §1331,

24   federal question jurisdiction, 29 U.S.C. § 219, the Fair Labor Standards Act, and 28 U.S.C. § 1367,

25   supplemental jurisdiction of state law claims.

26   6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because Stewart

27   Title does business in this District and committed the wrongful conduct against certain members of the

28

1    Class in San Diego County, California.

2

3                                   **PARTIES**

4        7.      Plaintiff Brenda Tull is a resident of California who was employed by Defendant

5    Stewart Title from in or about June of 1995 to in or about December of 2006, in the state of California.

6        8.      Plaintiff Daryl Swing is a resident of California who was employed by Defendant

7    Stewart Title from in or about March of 1994 to in or about March of 2008, in the state of California.

8        9.      Plaintiff Rhonda Oliver is a resident of California who was employed by Defendant

9    Stewart Title from on or about May of 2005 to on or about October of 2007, in the state of California.

10       10.     Defendant conducted and continue to conduct substantial and regular business

11   in San Diego County, California, and throughout California.  Defendant also conducts business

12   throughout the United States and are an enterprise engaged in commerce within the meaning of the Fair

13   Labor Standards Act by regularly and recurrently receiving or transmitting interstate communications.

14       11.     The Defendants, Stewart Title , named in this Complaint, and Does 1 through 10,

15   inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each

16   of the other Defendant and each Defendant was acting within the course of scope of his, her or its

17   authority as the agent, servant and/or employee of each of the other Defendant.  Consequently, all the

18   Defendants are jointly and severally liable for the losses sustained as a proximate result of Defendants'

19   conduct.

20

21                       **COLLECTIVE ACTION UNDER THE FLSA**

22       12.     Plaintiffs bring this lawsuit as a Collective action under the Fair Labor and

23   Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons who were, are, or will

24   be employed by Defendant Stewart Title  in California as Title Officers, Title Assistants and Escrow

25   Officers, and other similarly situated positions, at any time within the applicable statute of

26   limitations period, who have been misclassified as exempt from overtime (the "Collective Class").

27   To the extent equitable tolling operates to toll claims by the Collective Class against the Defendants,

28

1  the Collective Class period should be adjusted accordingly. The Collective Class includes all such

2  persons, whether or not they were paid by commission, by salary, or by part commission and part

3  salary.

4        13.    Questions of law and fact common to the Collective Class as a whole, but not limited

5  to the following, include:

6        a.    Whether Defendants misclassified Collective Class members as exempt from the

7           overtime requirements imposed by the FLSA, 29 U.S.C. § 207;

8        b.    Whether Defendants failed to adequately compensate the members

9           of the Collective Class for overtime hours worked as required by the FLSA, 29

10          U.S.C. § 207;

11       c.    Whether Defendants failed to adequately compensate the members of the Collective

12          Class for all time worked for the benefit of Defendants as required by the FLSA,

13          including the time worked through their meal periods;

14       d.    Whether Defendants have systematically misclassified the members of the Collective

15          Class as exempt from receiving overtime compensation under section 13 of the

16          FLSA and the applicable provisions of the Code of Federal Regulations;

17       e.    Whether Defendants should be enjoined from continuing the unlawful practices; and,

18       f.    Whether Defendants are liable to the Collective Class.

19       14.    The first cause of action for the violations of the FLSA may be brought

20 and maintained as an "opt-in" Collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

21 216(b), for all claims asserted by the representative California Class  of the Collective Class because

22 the claims of the California Class  are similar to the claims of the members of the prospective

23 Collective Class.

24       15.    Plaintiffs and the other members of the Collective Class are similarly situated, have

25 substantially similar job requirements and pay provisions, and are subject to Defendants' common

26 and uniform policy and practice of misclassifying their employees, failing to pay for all actual time

27 worked and wages earned, and failing to fully pay for all overtime in violation of the FLSA and the

28

1    Regulations implementing the Act as enacted by the Secretary of Labor.

2

3                                **CLASS ACTION ALLEGATIONS**

4        16.    Plaintiffs Brenda Tull, Daryl Swing and Rhonda Oliver ("Plaintiffs") bring this class

5    action on behalf of themselves and a California Class consisting of all individuals who are or

6    previously were employed by Stewart Title as Title Officers, Title Assistants and Escrow Officers,

7    and other similarly situated positions who were misclassified as exempt from overtime during the

8    period commencing on the date four years prior to the filing of this complaint and ending on the

9    Class period cutoff date.   This Class is hereinafter referred to as the "California Class."   The

10   California Class includes all such persons, whether or not they were paid by commission, by salary,

11   or by part commission and part salary.

12       17.    Defendants, as a matter of corporate policy, practice and procedure, and in violation

13   of the applicable California Labor Code ("Labor Code") and Industrial Welfare Commission

14   ("IWC") Wage Order Requirements intentionally and knowingly, on the basis of job title alone and

15   without regard to the actual overall requirements of the job, systematically misclassified Plaintiffs

16   and the other members of the California Class as exempt from overtime wages and other labor laws

17   in order to avoid the payment of overtime wages by misclassifying their positions as exempt from

18   overtime wages and other labor laws.   To the extent equitable tolling operates to toll claims by the

19   California Class against Defendants, the California Class period should be adjusted accordingly.

20       18.    Defendants violated the rights of the California Class under California law by:

21           (a)    Committing acts of unfair competition in violation of the California Labor

22                  Code, by failing to pay California Class  and the members of the California

23                  Class overtime pay for a work day longer than eight (8) hours and/or a work

24                  week longer than forty (40) and/or for all hours worked on the seventh (7th)

25                  consecutive day in a work week and by violating the California Labor Code

26                  and regulations promulgated thereunder as hereinafter alleged.

27           (b)    Violating Cal. Lab. Code § 510 by failing to pay California Class  and the

28

---

1       members of the California Class overtime pay for a work day longer than

2       eight (8) hours and/or a work week longer than forty (40) hours and/or for all

3       hours worked on the seventh (7th) consecutive day in a work week, for which

4       Defendants are liable pursuant to Cal. Lab. Code § 1194.

5    (c)    Violating Cal. Lab. Code § 515 by misclassifying California Class and the

6       members of the California Class as exempt from receiving overtime

7       compensation.

8    (d)    Violating Cal. Lab. Code § 203, which provides that when an employee is

9       discharged or quits from employment, the employer must pay the employee

10       all wages due without abatement, by failing to tender full payment and/or

11       restitution of wages owed or in the manner required by California law to the

12       California Class and the members of the California Class who have

13       terminated their employment. Thus, Defendants are liable for such wages for

14       a period of thirty (30) days following the termination of such employment.

15    (e)    Violating Cal. Lab. Code § 226, by failing to provide California Class and

16       the members of the California Class with an accurate itemized statement in

17       writing showing the total hours worked by the employee.

18    (f)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders

19       implementing the Code, by failing to provide California Class and the

20       members of the California Class with meal periods and are thus liable for

21       premium pay of one hour for each workday such meal periods were denied.

22   19.    This Class Action meets the statutory prerequisites for the maintenance of a Class

23  Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in that:

24    (a)    The persons who comprise the California Class are so numerous that the

25       joinder of all such persons is impracticable and the disposition of their claims

26       as a Class will benefit the parties and the Court;

27    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

28

1        are raised in this Complaint are common to the California Class and will

2        apply uniformly to every member of the California Class;

3    (c)    The claims of the representative Plaintiffs of the California Class  are typical

4        of the claims of each member of the California Class.  The Plaintiffs of the

5        California Class, like all other members of the California Class, were

6        systematically misClassified as exempt and sustained economic injuries

7        arising from Defendants' violations of the laws of California.  Plaintiffs and

8        the members of the California Class are similarly or identically harmed by the

9        same unlawful, deceptive, unfair and pervasive pattern of misconduct

10       engaged in by the Defendants of systematically misclassifying as exempt all

11       Title Officers, Title Assistants, Escrow Officers, and similarly situated

12       employees solely on the basis of their job title and without regard to

13       Defendants' realistic expectations and the actual, overall requirements of the

14       job resulting in economic injury to employees so misclassified.

15   (d)    The representative Plaintiffs will fairly and adequately represent and protect

16       the interest of the California Class, and has retained counsel who are

17       competent and experienced in Class Action litigation.  There are no material

18       conflicts between the claims of the representative Plaintiffs  and the members

19       of the California Class that would make Class certification inappropriate.

20       Counsel for the California Class will vigorously assert the claims of all Class

21       Members.

22   20.    In addition to meeting the statutory prerequisites to a Class Action, this action is

23   properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

24   (a)    Without Class certification and determination of declaratory, injunctive,

25       statutory and other legal questions within the Class format, prosecution of

26       separate actions by individual members of the California Class will create the

27       risk of:

28

1

1)      Inconsistent or varying adjudications with respect to individual

2            members of the California Class which would establish incompatible

3            standards of conduct for the parties opposing the California Class; or,

4    2)      Adjudication with respect to individual members of the California

5            Class which would as a practical matter be dispositive of interests of

6            the other members not party to the adjudication or substantially impair

7            or impede their ability to protect their interests.

8    (b)      The parties opposing the California Class have acted on grounds generally

9            applicable to the California Class, making appropriate Class-wide relief with

10          respect to the California Class as a whole in that the Defendants

11          systematically misclassified as exempt all Underwriters and Senior

12          Underwriters and similarly situated employees solely on the basis of their job

13          title and without regard to Defendants' realistic expectations and actual

14          overall requirements of the job;

15    (c)      Common questions of law and fact exist as to the members of the California

16            Class and predominate over any question affecting only individual members,

17            and a Class Action is superior to other available methods for the fair and

18            efficient adjudication of the controversy, including consideration of:

19    1)      The interests of the members of the California Class in individually

20            controlling the prosecution or defense of separate actions;

21    2)      The extent and nature of any litigation concerning the controversy

22            already commenced by or against members of the California Class;

23    3)      The desirability or undesirability of concentrating the litigation of the

24            claims in the particular forum;

25    4)      The difficulties likely to be encountered in the management of a Class

26            Action; and,

27    5)      The basis of Defendants misclassifying California Class  and the

28

1         California Class as exempt by job title.

2         21.    This Court should permit this action to be maintained as a Class Action pursuant to

3   F.R.C.P. 23 because:

4                 (a)    The questions of law and fact common to the California Class predominate

5                        over any question affecting only individual members;

6                 (b)    A Class Action is superior to any other available method for the fair and

7                        efficient adjudication of the claims of the members of the California Class;

8                 (c)    The members of the California Class are so numerous that it is impractical to

9                        bring all members of the California Class before the Court;

10                (d)    Plaintiffs, and the other California Class members, will not be able to obtain

11                       effective and economic legal redress unless the action is maintained as a

12                       Class Action;

13                (e)    There is a community of interest in obtaining appropriate legal and equitable

14                       relief for the common law and statutory violations and other improprieties,

15                       and in obtaining adequate compensation for the damages and injuries which

16                       Defendants' actions have inflicted upon the California Class;

17                (f)    There is a community of interest in ensuring that the combined assets and

18                       available insurance of Defendants are sufficient to adequately compensate the

19                       members of the California Class for the injuries sustained;

20                (g)    Defendants have acted or refused to act on grounds generally applicable to the

21                       California Class, thereby making final Class-wide relief appropriate with

22                       respect to the California Class as a whole; and

23                (h)    The members of the California Class are readily ascertainable from the

24                       business records of the Defendants.  The California Class consists of all of

25                       Defendants' employees employed as Underwriters, Senior Underwriters, and

26                       other similarly situated persons in California whose job classification by

27                       Defendants as exempt were made solely on the basis of their job title and

28

COMPLAINT
8

1  without regard to Defendants' realistic expectations and actual overall

2  requirements of the job.  Defendants, as a matter of law, has the burden of

3  proving the basis for the exemption as to each and every Title Officer, Title

4  Assistant and Escrow Officer.  To the extent that Defendants have failed to

5  maintain records sufficient to establish the basis for the exemption (including

6  but not limited to, the employee's job duties, wages, and hours worked) for

7  any Title Officer, Title Assistant and Escrow Officer, Defendants are

8  estopped, as a matter of law,  to assert  the existence of the exemption.

9

10  **GENERAL ALLEGATIONS**

11  22.  Stewart Title , as a matter of corporate policy, practice and procedure, and in

12  violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission

13  ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally,

14  knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall

15  requirements of the job, systematically misclassified  members of the California Class and the

16  Collective Class as exempt from overtime wages and other labor laws in order to avoid the payment

17  of overtime wages by misclassifying their Title Officers, Title Assistants and Escrow Officers and

18  other similarly situated employees as exempt from overtime wages and other labor laws.  To the

19  extent equitable tolling operates to toll claims by the Class against Stewart Title, the California

20  Class period  and the Collective Class period should be adjusted accordingly.

21  23.  Stewart Title  has intentionally and deliberately created numerous job levels and a

22  multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in fact,

23  these jobs are substantially similar and can be easily grouped together for the purpose of

24  determining whether they are exempt from overtime wages.

25  24.  In performing the conduct herein alleged, the Defendants uniformly

26  misrepresented to the Plaintiffs and the other members of the Class that they were exempt from

27  overtime and the applicable state and federal labor laws, when in fact, they were not.  The

28

1   Defendant's wrongful conduct and violations of law as herein alleged demeaned and wrongfully

2   deprived Plaintiffs and the other members of the Class of the career opportunities to which they

3   were lawfully entitled. Defendants engaged in such wrongful conduct by failing to have adequate

4   employment policies and maintaining adequate employment practices consistent with such policies.

5   Defendants' wrongful conduct as herein alleged converted the money belonging to the Plaintiffs

6   and the other members of the Class.

7       25.     Stewart Title maintains records from which the Court can ascertain and identify by

8   job title each of Defendants' employees who as Class members, have been systematically,

9   intentionally and uniformly misclassified as exempt as a matter of Defendants' corporate policy,

10  practices and procedures. California Class will seek leave to amend the complaint to include these

11  additional job titles when they have been identified.

12

13                          **THE CONDUCT**

14      26.     Plaintiff Brenda Tull, Daryl Swing or Rhonda Oliver worked for Defendant

15  Stewart Title from time to time in various job titles including Title Officer, Title Assistant, and

16  Escrow Officer. These job titles were described to the Class members as exempt and full time

17  positions.

18      27.     In the course of their employment with Stewart Title, Plaintiffs and other Title

19  Officers, Title Assistants and Escrow Officers have worked more than eight (8) hours a day and

20  more than forty (40) hours a week. As a result of Stewart Title's rigorous demands, Plaintiffs and

21  other similarly situated employees were also often unable to take meal breaks. During the Class

22  Period, Title Officers, Title Assistants and Escrow Officers worked and still work on the production

23  side of the Defendants' business, but are nevertheless classified as exempt from overtime pay and

24  worked and still work more than eight (8) hours a day and more than forty (40) hours a week.

25      28.     Plaintiffs and the Class members were not primarily engaged in work of a type that

26  was or now is directly related to the Defendants' management policies or general business

27  operations, when giving these words a fair but narrow construction. Plaintiffs and the Class

28

1   members were not  primarily engaged in work of a type that was or now is performed at the level of

2   the policy or management of the Defendants.  To the contrary, Title Officers, Title Assistants and

3   Escrow Officers  are primarily engaged in the day to day business operations of the Defendants in

4   accordance with the established criteria of the management policies and general business operations

5   established by Defendants' management.

6          29.    Considerations such as (a) Defendants' realistic expectations for Title Officers, Title

7   Assistants and Escrow Officers , and other similarly situated jobs, and (b) the actual overall

8   requirements of the Title Officer, Title Assistant and Escrow Officer position, are susceptible to

9   common proof.  The fact that their work and those of other similarly situated employees involved a

10  specialized skill set in a defined area does not mean that Plaintiffs and the other members of the

11  Class are exempt from overtime wages.  Indeed, the exercise of discretion and independent

12  judgment must be more than the use of a skill set described in a manual or other sources.  Plaintiffs

13  and the other Class members were primarily engaged in performing  work required to be performed

14  as part of the day to day business of Defendants.    As a result, Plaintiffs and the other Class

15  members were primarily engaged in work that falls squarely on the production side of the

16  administrative/production worker dichotomy.

17         30.    Defendants systematically misclassified Plaintiffs and the other Class members as

18  exempt solely on the basis of their job title and without regard to Defendants' realistic expectations

19  and actual overall requirements of the job.  Consequently, Plaintiffs and the other members of the

20  California Class and Collective Class uniformly and systematically exempted from payment for

21  overtime wages for hours worked in excess of eight (8) hours per day and/or (40) forty hours per

22  week and/or for all hours worked on the seventh (7th) consecutive day of any work week during the

23  Class .

24         31.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to  establish

25  exemptions from the requirement that an overtime rate of compensation be paid pursuant to

26  Sections 510 and 511 for executive, administrative, and professional employees, provided that the

27  employee is primarily engaged in the duties that meet the test of the exemption, customarily and

28

1    regularly exercises discretion and independent judgment in performing those duties, and earns a

2    monthly salary equivalent to no less than two times the state minimum wage for full-time

3    employment.  California Labor Code Section 515 and Industrial Welfare Commission Wage Order

4    4-2001, set forth the requirements which must be satisfied in order for an employee to be lawfully

5    Classified as exempt.  Although wrongfully Classified by Defendants as exempt at the time of hire

6    and thereafter, California Class , and all other members of the similarly-situated California Class,

7    are not exempt under Industrial Welfare Commission Wage Order 4-2001, and Cal. Lab. Code §

8    515.

9         32.     Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, et seq., set

10    forth the requirements which must be satisfied in order for an employee to be lawfully Classified as

11    exempt from receiving overtime compensation.  Although wrongfully classified by Defendants as

12    exempt at the time of hire and thereafter, Plaintiffs  and all other members of the similarly-situated

13    Collective Class, are not exempt under section 13 of the FLSA or the provisions of 29 C.F.R. 541, et

14    seq.

15         33.     Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, *et seq.*, set

16    forth the requirements which must be satisfied in order for an employee to be lawfully classified as

17    exempt.  Although wrongfully classified by Defendants as exempt at the time of hire and thereafter,

18    Plaintiffs, and all other members of the similarly-situated Class, are not exempt under section 13 of

19    the FLSA or the provisions of 29 C.F.R. 541, *et seq.*  Further, Defendants are banks which do not

20    qualify as "retail establishments" pursuant to 29 C.F.R. 779.317, and therefore Defendants'

21    employees do not qualify for the exemption set forth in 29 U.S.C. § 207(i).  Defendants' conduct as

22    herein alleged was willful and not in good faith, and Defendants had no reasonable grounds for

23    believing that the alleged conduct was not a violation of the FLSA.

24         34.     Despite the fact that Plaintiffs and the other members of the Classes regularly worked

25    in excess of 8 hours a day and/or 40 hours per week and/or on the seventh (7th) consecutive day of a

26    work week, they did not receive overtime compensation and as a result suffered an economic injury.

27

28

35. California Code of Regulations § 11040(3)(A) provides that:

The provisions of subsections (A), (B) and (C) [of the Wage Order] above shall not apply to any employee whose earnings exceed one and one-half (1 1/2) times the minimum wage if more than half of that employee's compensation represents commissions.

36. PLAINTIFF and the other members of the CLASS were not paid according to the structure above, and were, therefore, not exempt from the requirement that they be paid overtime. Further, employees who are paid pursuant to the pay structure outlined by Cal. Code of Regs. § 11040(3) would only be exempt from the provisions of subsections (A), (B) and (C), which govern the payment of overtime. Nothing in this limited exemption, however, relieves an employer from the obligations of :

(i) California Code of Regulations § 11040(4), which requires employers to pay at least minimum wage;

(ii) California Code of Regulations § 11040(7), which requires employers to provide accurate, itemized statements;

(iii) California Code of Regulations § 11040(11), which requires employers to provide meal periods to employees; or

(iv) California Code of Regulations § 11040(12), which requires employers to provide rest periods to employees.

37. Further, under Cal. Lab. Code §§ 226.7 and 512, California Class and other members of the California Class, were required to be provided with meal breaks each workday. Defendants failed to provide California Class and all other members of the California Class with the statutorily required uninterrupted meal breaks during the California Class period, thereby causing additional economic injuries to California Class and other members of the California Class.

38. Under 29 U.S.C. § 207, Plaintiffs and the other members of the Collective Class, were required to be compensated for all meal breaks taken by Plaintiffs and the other members of the Collective Class where they performed duties predominantly for the benefit of the Defendants

1    during the meal breaks.  Under 29 CFR 785.19, this time spent during the lunch break is

2    compensable because California Class  and the other members of the Collective Class were required

3    to perform duties while eating.

4

5                          **FIRST CAUSE OF ACTION**

6            **Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.* ("FLSA")**

7         **(By Plaintiffs and the Collective Class and Against all Defendants)**

8        39.     Plaintiffs reallege and incorporate by this reference, as though fully set forth herein,

9    paragraphs 1 through 38 of this Complaint.

10       40.     Defendants are engaged in communication, business, and transmission throughout

11    the United States and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

12       41.     9 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

13    violations of the FLSA.

14       42.     29 U.S.C. § 207(a)(1) provides in pertinent part:

15          Except as otherwise provided in this section, no employer shall employ any of his

16          employees who in any workweek is engaged in commerce or in the production of

17          goods for commerce, or is employed in an enterprise engaged in commerce or in the

18          production of goods for commerce, for a workweek longer than forty hours unless

19          such employee receives compensation for his employment in excess of the hours

20          above specified at a rate not less than one and one-half times the regular rate at which

21          he is employed.

22       43.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

23    apply to:

24          any employee employed in a bona fide executive, administrative, or professional

25          capacity (including any employee employed in the capacity of academic

26          administrative personnel or teacher in elementary or secondary schools), or in the

27          capacity of outside salesman (as such terms are defined and delimited from time to

28

1    time by regulations of the Secretary, subject to the provisions of the Administrative

2    Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or

3    service establishment shall not be excluded from the definition of employee

4    employed in a bona fide executive or administrative capacity because of the number

5    of hours in his workweek which he devotes to activities not directly or closely related

6    to the performance of executive or administrative activities, if less than 40 per

7    centum of his hours worked in the workweek are devoted to such activities).

8    44.    Defendants have willfully engaged in a widespread pattern and practice of

9  violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

10  as "exempt" employees, by their job title and without regard to Defendants' realistic expectations

11  and actual overall requirements of the job and without regard to the fact that Defendants do not

12  qualify as a retail establishment within the meaning of FLSA, including Plaintiffs and the other

13  members of the Collective Class who worked on the production side of the Defendants' business

14  enterprise.  This was done in an illegal attempt to avoid payment of minimum wages, overtime

15  wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

16    45.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., Plaintiffs and the

17  members of the Collective Class are entitled to compensation for all hours actually worked,

18  including time spent training Defendants' employees during meal periods, and are also entitled to

19  wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in

20  excess of forty (40) hours in any workweek.

21    46.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

22  exempt status of an employee. The exempt or nonexempt status of any particular employee must be

23  determined on the basis of whether the employee's salary and duties meet the requirements of the

24  regulations in this part.

25    47.    The exemptions of the FLSA as listed in section 13(a), and as explained

26  by 29 C.F.R. 541.3, do not apply to California Class  and the other members of the Collective Class,

27  because their work consists of non-management, production line labor performed with skills and

28

1  knowledge acquired from on-the-job training, rather than from the prolonged course of specialized

2  intellectual instruction required for exempt learned professional employees such as medical doctors,

3  architects and archeologists.

4       48.    For an employee to be exempt as a bona fide "executive," all the following criteria

5  must be met and Defendants have the burden of proving that:

6       (a)    The employee's primary duty must be management of the enterprise, or of a

7               customarily recognized department or subdivision;

8       (b)    The employee must customarily and regularly direct the work of at least two (2) or

9               more other employees;

10      (c)    The employee must have the authority to hire and fire, or to command particularly

11             serious attention to his or his recommendations on such actions affecting other

12             employees; and,

13      (d)    The employee must be primarily engaged in duties which meet the test of exemption.

14  No member of the Collective Class was or is an executive because they all fail to meet the

15  requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

16      49.    For an employee to be exempt as a bona fide "administrator," all of the

17  following criteria must be met and Defendants have the burden of proving that:

18      (a)    The employee must perform office or non-manual work directly related to

19             management or general business operation of the employer or the employer's

20             customers;

21      (b)    The employee must customarily and regularly exercise discretion and independent

22             judgment with respect to matters of significance; and,

23      (c)    The employee must regularly and directly assist a proprietor or an exempt

24             administrator; or,

25      (d)    The employee must perform under only general supervision, work requiring special

26             training, experience, or knowledge; and,

27      (e)    The employee must be primarily engaged in duties which meet the test of exemption.

28

1   No member of the Collective Class was or is an administrator because they all fail to meet the

2   requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

3   541.300.

4       50.     During the Collective Class period, Plaintiffs and the other members of the

5   Collective Class worked more than forty (40) hours in a work week and were also required to

6   perform duties that were primarily for the benefit of the employer during meal periods.

7       51.     At all relevant times, Defendants failed to pay Plaintiffs and other members of the

8   Collective Class overtime compensation for the hours they have worked in excess of the maximum

9   hours permissible by law as required by section 207 of the FLSA, even though California Class and

10  the other members of the Collective Class were regularly required to work, and did in fact work,

11  overtime hours.

12      52.     At all relevant times, Defendants failed to pay Plaintiffs and the other members of

13  the Collective Class, regular compensation for the hours they have worked, performing duties

14  primarily for the benefit of the employer during meal periods.

15      53.     For purposes of the Fair Labor Standards Act, the employment practices of

16  Defendants were and are uniform throughout California in all respects material to the claims

17  asserted in this Complaint.

18      54.     There are no other exemptions applicable to Plaintiffs or to the other members of the

19  Collective Class.

20      55.     As a result of Defendants' failure to pay overtime and failure to pay regular

21  compensation for hours worked during meal periods, as required by the FLSA, Plaintiffs and the

22  members of the Collective Class were damaged in an amount to be proved at trial.

23      56.     Therefore, Plaintiffs demand that he and the members of the Collective Class be paid

24  overtime compensation as required by the FLSA for every hour of overtime worked in any work

25  week for which they were not compensated, regular compensation for every hour worked primarily

26  for the benefit of Defendants for which they were not compensated, plus interest and attorneys' fees

27  as provided by law.

28

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 515, 551, 552, 1194 and 1198]

### (By Plaintiffs and the California Class and Against all Defendants)

57.     Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 56 of this Complaint.

58.     Cal. Lab. Code § 510 states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

59.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

60.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

61.     Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

62.     Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full

1  amount of this minimum wage or overtime compensation, including interest thereon,

2  reasonable attorney's fees, and costs of suit.

3  63.  Cal. Lab. Code § 1198 provides:

4  The maximum hours of work and the standard conditions of labor fixed by the

5  commission shall be the maximum hours of work and the standard conditions of

6  labor for employees. The employment of any employee for longer hours than those

7  fixed by the order or under conditions of labor prohibited by the order is unlawful.

8  64.  Defendants have intentionally and uniformly designated certain employees as

9  "exempt" employees, by their job title and without regard to Defendants' realistic expectations and

10  actual overall requirements of the job, including Plaintiffs and the other members of the California

11  Class who worked on the production side of the Defendants' business enterprise. This was done in

12  an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal.

13  Lab. Code and Industrial Welfare Commission requirements.

14  65.  For an employee to be exempt as a bona fide "executive," all the following criteria

15  must be met and Defendants have the burden of proving that:

16  (a)  The employee's primary duty must be management of the enterprise, or of a

17  customarily recognized department or subdivision; and,

18  (b)  The employee must customarily and regularly direct the work of at least two (2) or

19  more other employees; and,

20  (c)  The employee must have the authority to hire and fire, or to command particularly

21  serious attention to his or his recommendations on such actions affecting other

22  employees; and,

23  (d)  The employee must customarily and regularly exercise discretion and independent

24  judgment; and,

25  (e)  The employee must be primarily engaged in duties which meet the test of exemption.

26  No member of the California Class was or is an executive because they all fail to meet the

27  requirements of being an "executive" within the meaning of Order No. 4-2001.

28

COMPLAINT
19

66.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and Defendants have the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)    The employee must execute special assignments and tasks under only general supervision; and,

(f)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the California Class was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

67.    The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide professional, all the following criteria must be met:

(a)    The employee must primarily perform work that is intellectual or creative and that requires the exercise of discretion and independent judgment.

(b)    The employee must be licensed of certified by the state of California and is primarily engaged in the practice of one of the following recognized professions: law, medicine, dentistry, optometry, architecture, engineering, teaching or accounting.

68.    No member of the California Class was or is an administrator because they all fail to meet the requirements for being an "professional" under Order No. 4-2001.

69.    Plaintiffs and the other members of the California Class do not fit the definition of an exempt executive, administrative, or professional employee because:

(a) Less than fifty percent (50%) of their work hours are spent on managerial or administrative (exempt) duties;

(b) More than fifty percent (50%) of their work hours are spent performing non exempt duties, including but not limited to answering telephones, filling out pre-printed forms and following strict and exacting procedures;

(c) They do not have the discretion or independent judgment, in that they must follow exacting and comprehensive company-wide policies and procedures which dictate every aspect of their work day;

(d) They do not have the authority to hire/or and fire other personnel; and,

(e) None of the exemptions articulated in Wage Order No. 4, subparagraph (h), apply to Plaintiffs or to the other members of the California Class.

70.    During the Class period, Plaintiffs and the other members of the California Class, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week and/or on the seventh (7th) consecutive day of a workweek.

71.    Defendants failed to pay Plaintiffs and the other members of the California Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though ifornia Class , and the other members of the California Class, were regularly required to work, and did in fact work, overtime hours.

72.    By virtue of Defendants' unlawful failure to pay additional compensation to Plaintiffs and the other members of the California Class, for their regular and overtime hours, Plaintiffs and the other members of the California Class, have suffered, and will continue to suffer, economic injuries in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

73.    Defendants knew or should have known that Plaintiffs and the other members of the

1  California Class, were misclassified as exempt and Defendants systematically elected, either

2  through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a

3  matter of uniform corporate policy, practice and procedure.

4      74.    Therefore, Plaintiffs request recovery of regular and overtime compensation

5  according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code § 218.5 and §

6  1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as

7  provided by the Cal. Lab. Code and/or other statutes.  Further, Plaintiffs are entitled to seek and

8  recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

9      75.    In performing the acts and practices herein alleged in violation of labor laws and

10  refusing to provide the requisite regular and overtime compensation, the Defendants acted and

11  continue to act intentionally, oppressively, and maliciously towards Plaintiffs and the other

12  members of the California Class, with a conscious and utter disregard of their legal rights, or the

13  consequences to them, and with the despicable intent of depriving them of their property and legal

14  rights and otherwise causing them injury in order to increase corporate profits at the expense of

15  Plaintiffs and the other members of the California Class.

16

17  **THIRD CAUSE OF ACTION**

18  **For Failure to Pay Wages When Due**

19  **[ Cal. Lab. Code § 203]**

20  **(By Plaintiffs and the California Class and Against All Defendants)**

21      76.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein,

22  paragraphs 1 through 75 of this Complaint.

23      77.    Cal. Lab. Code § 200 provides that:

24          As used in this article:

25          (a) "Wages" includes all amounts for labor performed by employees of every

26          description, whether the amount is fixed or ascertained by the standard of time, task,

27          piece, commission basis, or other method of calculation.

28

1         (b) "Labor" includes labor, work, or service whether rendered or performed under

2         contract, subcontract, partnership, station plan, or other agreement if the labor to be

3         paid for is performed personally by the person demanding payment.

4     78.    Cal. Lab. Code § 202 provides, in relevant part, that:

5         If an employee not having a written contract for a definite period quits his or her

6         employment, his or her wages shall become due and payable not later than 72 hours

7         thereafter, unless the employee has given 72 hours previous notice of his or her

8         intention to quit, in which case the employee is entitled to his or her wages at the

9         time of quitting. Notwithstanding any other provision of law, an employee who quits

10        without providing a 72-hour notice shall be entitled to receive payment by mail if he

11        or she so requests and designates a mailing address. The date of the mailing shall

12        constitute the date of payment for purposes of the requirement to provide payment

13        within 72 hours of the notice of quitting.

14    79.    Cal. Lab. Code § 203 provides:

15        If an employer willfully fails to pay, without abatement or reduction, in accordance

16        with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

17        discharged or who quits, the wages of the employee shall continue as a penalty from

18        the due date thereof at the same rate until paid or until an action therefor is

19        commenced; but the wages shall not continue for more than 30 days.

20    80.    Plaintiffs and many of the California Class members have terminated their

21  employment and Defendants have not tendered restitution of wages owed.

22    81.    Therefore, as provided by Cal lab. Code § 203, on behalf of themselves  and the

23  members of the California Class, Plaintiffs demand thirty days of pay as penalty for not paying all

24  wages due at time of termination for all employees who terminated employment during the

25  California Class Period and demand an accounting and payment of all wages due, plus interest, as

26  provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

27

28

1

## FOURTH CAUSE OF ACTION

2

### For Failure to Provide Meal Periods

3

### [Cal. Lab. Code §§ 226.7 and 512]

4

### (By Plaintiffs and the California Class and against All Defendants)

5        82.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein,

6   paragraphs 1 through 81 of this Complaint.

7        83.    Cal. Lab. Code § 512 provide, in relevant part:

8        An employer may not employ an employee for a work period of more than five hours per day

9        without providing the employee with a meal period of not less than 30 minutes, except that if

10       the total work period per day of the employee is no more than six hours, the meal period may

11       be waived by mutual consent of both the employer and employee. An employer may not

12       employ an employee for a work period of more than 10 hours per day without providing the

13       employee with a second meal period of not less than 30 minutes, except that if the total

14       hours worked is no more than 12 hours, the second meal period may be waived by mutual

15       consent of the employer and the employee only if the first meal period was not waived.

16       84.    Section 11 of the Order 4-2001 of the Industrial Wage Commission provides, in

17   relevant part:

18       Meal Periods:

19           (A)    No employer shall employ any person for a work period of more than five (5)

20                  hours without a meal period of not less than 30 minutes, except that when a

21                  work period of not more than six (6) hours will complete the day's work the

22                  meal period may be waived by mutual consent of the employer and the

23                  employee. Unless the employee is relieved of all duty during a 30 minute

24                  meal period, the meal period shall be considered an "on duty" meal period

25                  and counted as time worked. An "on duty" meal period shall be permitted

26                  only when the nature of the work prevents an employee from being relieved

27                  of all duty and when by written agreement between the parties an on-the-job

28

1  |  paid meal period is agreed to. The written agreement shall state that the
2  |  employee may, in writing, revoke the agreement at any time.
3  |  (B)     If an employer fails to provide an employee a meal period in accordance with
4  |  the applicable provisions of this order, the employer shall pay the employee
5  |  one (1) hour of pay at the employee's regular rate of compensation for each
6  |  workday that the meal period is not provided.

7  85.   Cal. Lab. Code § 226.7 provides:

8  (a) No employer shall require any employee to work during any meal or rest period
9  mandated by an applicable order of the Industrial Welfare Commission.

10  (b) If an employer fails to provide an employee a meal period or rest period in
11  accordance with an applicable order of the Industrial Welfare Commission, the
12  employer shall pay the employee one additional hour of pay at the employee's regular
13  rate of compensation for each work day that the meal or rest period is not provided.

14  86.   Defendants have intentionally and improperly failed to provide all rest and/or meal
15  periods without any work or duties to Plaintiffs and the other members of the California Class who
16  worked more than three and one half hours (3 ½) per day, and by failing to do so Defendants
17  violated the provisions of Labor Code 226.7.

18  87.   Therefore, Plaintiffs demand on behalf of themselves and the members of the
19  California Class, one (1) hour of pay for each workday in which a rest period was not provided for
20  each four (4) hours of work during the period commencing on the date that is within four years prior
21  to the filing of this Complaint and one (1) hour of pay for each five (5) hours of work in which a
22  meal period was not provided.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By Plaintiffs and the California Class and against All Defendants)

88.    Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 87 of this Complaint.

89.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

90.    At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed to properly and accurately itemize the number of hours worked by Plaintiffs and

1 the other members of the California Class at the effective regular rates of pay and the effective

2 overtime rates of pay.

3   91. Defendants knowingly and intentionally failed to comply with Labor Code § 226,

4 causing damages to California Class , and the other members of the CaliforniaClass. These

5 damages include, but are not limited to, costs expended calculating the true hours worked and the

6 amount of employment taxes which were not properly paid to state and federal tax authorities.

7 These damages are difficult to estimate. Therefore, California Class , and the other members of the

8 Class elect to recover liquidated damages of $50.00 for the initial pay period in which the violation

9 occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in

10 an amount according to proof at the time of trial (but in no event more than $4,000.00 for California

11 Class and each respective member of the California Class herein) plus reasonable attorney's fees

12 and costs pursuant to Labor Code § 226(g).

13

14         **SIXTH CAUSE OF ACTION**

15        **For Unlawful Business Practices**

16      **[Cal. Bus. And Prof. Code § 17200 et seq.]**

17   **(By Plaintiffs and the California Class and against All Defendants)**

18   92. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein,

19 paragraphs 1 through 91 of this Complaint.

20   93. Defendants are "persons" as that term is defined under Cal. Bus. and Prof. Code §

21 17021.

22   94. Cal. Bus. And Prof. Code § 17200 defines unfair competition as any unlawful, unfair,

23 or fraudulent business act or practice.

24   95. By the conduct alleged hereinabove in the First through Fifth Claims for Relief,

25 Defendants have violated the provisions of the Wage Orders, the Fair Labor Standards Act, 29 USC

26 §201, the California Labor Code, the Code of Federal Regulations and the California Code of

27 Regulations, *et seq.*, for which this Court should issue equitable and injunctive relief, pursuant to

28

1  Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or labor taken

2  without proper compensation.

3      96.    By and through the unfair and unlawful business practices described hereinabove,

4  Defendants have obtained valuable property, money, and services from Plaintiffs , and the other

5  members of the California Class, and has deprived them of valuable rights and benefits guaranteed

6  by law, all to their detriment and to the benefit of Defendants so as to allow Defendants to unfairly

7  compete.

8      97.    All the acts described herein as violations of, among other things, the Cal. Lab. Code

9  and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy, are

10  immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful

11  business practices in violation of Cal. Bus. And Prof. Code § 17200 *et seq.*

12      98.    Plaintiffs  and the other members of the California Class are further entitled to a

13  declaration that the above described business practices are unfair and unlawful and that an injunctive

14  relief should be issued restraining Defendants from engaging in any of these unfair and unlawful

15  business practices in the future.

16      99.    Plaintiffs and the other members of the California Class  have no plan, speedy, and/or

17  adequate remedy at law that will end the unfair deceptive and unlawful business practices of

18  Defendants.  As a result of the unfair and unlawful business practices described above, Plaintiffs and

19  the other members of the California Class, have suffered and will continue to suffer irreparable harm

20  unless Defendants are restrained from continuing to engage in these unfair and unlawful business

21  practices.  In addition, Defendants should be required to disgorge the unpaid moneys to Plaintiffs and

22  the other members of the California Class.

23

24                              **PRAYER**

25      WHEREFOR, Plaintiffs  pray for judgment against each Defendant, jointly and severally, as

26  follows:

27      A)    Compensatory damages, according to proof at trial due Plaintiffs and the other members

28            of the Collective Class and California Class, during the applicable Collective Class

---

period and California Class Period, plus interest thereon at the statutory rate;

B)   Restitution, according to proof at trial, due Plaintiffs and the other members of the California Class, during the applicable California Class period plus interest thereon at the statutory rate;

C)   One (1) hour of pay for each workday in which a meal period was not provided to Plaintiffs and each member of the California Class for each four (4) hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint;

D)   An order temporarily, preliminarily and permanently enjoining and restraining Defendants from engaging in similar unlawful conduct as set forth herein;

E)   An order requiring Defendants to provide an accounting of all wages and all sums unlawfuly withheld from compensation due to Plaintiffs and the other members of the Classes;

F)   Imposition of a constructive trust upon the assets of the Defendants to the extent of the sums due to Plaintiffs and to the other members of the Classes;

G)   An award of interest, including prejudgment interest at the legal rate;

H)   An award of statutory damages, including reasonable attorneys' fees and cost of suit, but only to the extent that such reasonable attorneys' fees and costs are recoverable pursuant to Cal. Lab. Code §1194 or 29 F.L.S.A. §216(b). Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

I)   For liquidated damages pursuant to 29 U.S.C. § 216(b);

J)   An award of penalties as available under the law; and,

K)   Such other and further relief as the Court deems just and proper.

Dated:   June 19, 2008                            BLUMENTHAL & NORDREHAUG

By: _____
Norman B. Blumenthal
Attorneys for California Class

1

2 ### **DEMAND FOR JURY TRIAL**

3 California Class demands a jury trial on issues triable to a jury.

4

Dated: June 19, 2008

5 **BLUMENTHAL & NORDREHAUG**

6 By:_____

7 Norman B. Blumenthal
Attorneys for California Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 G:\D\NBB\Stewart Title\p-Complaint-FINAL.wpd

28

**CIVIL COVER SHEET**

ORIGINAL

℠JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **I. (a) PLAINTIFFS** BRENDA TULL, an individual, DARYL SWING, an individual, and RHONDA OLIVER, an individual, on behalf of themselves, and on behalf of all persons similarly situated, | **DEFENDANTS** STEWART TITLE OF CALIFORNIA, INC., a California Corporation, and Does 1 to 100, FILED 2008 JUN 20 PM 3:11 |

(EXCEPT IN U.S. PLAINTIFF CASES)

SAN BERNADINO COUNTY

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BY: KNH DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
BLUMENTHAL & NORDREHAUG, 2255 Calle Clara, La Jolla, California 92037

Attorneys (If Known)

'08 CV 1095 BTM JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 U.S.C. 209

Brief description of cause: Unpaid overtime and wages

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❏ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE 6/19/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 15246   AMOUNT $350—   APPLYING IFP   JUDGE   MAG. JUDGE
TO 06/20/08



# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 152146    — MB

## June 20, 2008
## 15:15:28

## Civ Fil Non-Pris
USAO #.: 08CV1095 CIVIL FILING
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC11401

**Total—>  $350.00**

FROM: DARYL SWING AND RHONDA OLIVER
      VS STEWART TITLE OF CA, ET AL