1   ARLENE PRATER, BAR NO. 67191
    ALISON D. ALPERT, BAR NO. 199257
2   BEST BEST & KRIEGER LLP
    655 West Broadway, 15th Floor
3   San Diego, California 92101
    Telephone: (619) 525-1300
4   Telecopier: (619) 233-6118
    Email: arlene.prater@bbklaw.com
5   Email: alison.alpert@bbklaw.com

6   Attorneys for Defendant
    STEWART TITLE OF CALIFORNIA, INC.
7

8

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12   BRENDA TULL, an individual, DARYL        Case No.:    08CV1095 BTM (JMA)
     SWING, an individual, and RHONDA         Judge:       Hon. Barry T. Moskowitz
13   OLIVER, an individual on behalf of
     themselves, and on behalf of all persons  CLASS ACTION
14   similarly situated,

15              Plaintiffs,                     DEFENDANT STEWART TITLE OF
                                               CALIFORNIA, INC.'S ANSWER TO
16        v.                                   PLAINTIFFS' COMPLAINT

17   STEWART TITLE OF CALIFORNIA,
     INC., a California Corporation, and Does 1  Complaint Filed:   June 20, 2008
18   to 100,                                     Trial Setting:     None

19              Defendants.

20

21

22

23

24

25

26

27

28

1    Defendant Stewart Title of California, Inc. ("Defendant") answers the Class and

2  Collective Action Complaint of Plaintiffs Brenda Tull, Daryl Swing, and Rhonda Oliver and all

3  proposed class members (collectively referred to as "Plaintiffs") as follows:

4                                          **NATURE OF THE ACTION**

5    1.    Answering Paragraph 1, this paragraph calls for legal conclusions which require

6  no answer and, to the extent an answer is required, Defendant denies generally and specifically

7  each and every allegation contained therein.

8    2.    Answering Paragraph 2, Defendant admits that some Plaintiffs were and are

9  classified as non-exempt.  Accordingly, the non-exempt Plaintiffs were paid regular and overtime

10  compensation and provided meal breaks, prompt payments of all  amounts owed to employees

11  upon termination, and all other compensation and working conditions prescribed by law.  Except

12  as expressly admitted, Defendant denies generally and specifically each and every allegation

13  contained therein.

14    3.    Answering Paragraph 3, Defendant denies generally and specifically each and

15  every allegation contained therein.

16    4.    Answering Paragraph 4, Defendant denies that Plaintiffs are owed any

17  compensation.  Except as expressly denied, this paragraph calls for legal conclusions which

18  require no answer and, to the extent an answer is required, Defendant denies generally and

19  specifically each and every allegation contained therein.

20                                          **JURISDICTION AND VENUE**

21    5.    Answering Paragraph 5, Defendant denies that 28 U.S.C. section 1367 gives the

22  Court jurisdiction over the state law claims.  Except as expressly denied, Defendant admits each

23  and every allegation contained therein.

24    6.    Answering Paragraph 6, Defendant denies that it has committed any wrongful

25  conduct against Plaintiffs in San Diego County or anywhere else.  Except as expressly denied,

26  Defendant admits each and every allegation contained therein.

27  ///

28  ///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

**PARTIES**

7.      Answering Paragraph 7, Defendant admits that Plaintiff Tull was employed from on or about 1995 to on or about 2006.  Defendant lacks sufficient information and belief as to where Plaintiff Tull resides.

8.      Answering Paragraph 8, Defendant denies that Plaintiff Swing was employed from on or about March, 1996 to March, 2008.  Defendant lacks sufficient information and belief as to where Plaintiff Swing resides.

9.      Answering Paragraph 9, Defendant admits that Plaintiff Oliver was employed from on or about May, 2005 to October, 2007.  Defendant lacks sufficient information and belief as to where Plaintiff Oliver resides.

10.      Answering Paragraph 10, Defendant admits it is a California Corporation doing business in California.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

11.      Answering Paragraph 11, Defendant responds that there is no provision in the Federal Rules for allegations of "Doe" defendants and, accordingly, denies generally and specifically each and every allegation contained therein.

**COLLECTIVE ACTION UNDER THE FLSA**

12.      Answering Paragraph 12, Defendant denies that any Plaintiffs were misclassified as exempt from overtime.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

13.      Answering Paragraph 13, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

14.      Answering Paragraph 14, Defendant denies that the first cause of action can be maintained as a Collective action and that the claims of the California Class are similar to the claims of the members of the prospective Collective Class.  Except as expressly denied, this

///

1  paragraph calls for legal conclusions which require no answer and, to the extent an answer is

2  required, Defendant denies generally and specifically each and every allegation contained therein.

3       15.    Answering Paragraph 15, Defendant denies generally and specifically each and

4  every allegation contained therein.

5  **CLASS ACTION ALLEGATIONS**

6       16.    Answering Paragraph 16, Defendant denies that any of the Plaintiffs were

7  misclassified as exempt from overtime.  Except as expressly denied, this paragraph calls for legal

8  conclusions which require no answer and, to the extent an answer is required, Defendant denies

9  generally and specifically each and every allegation contained therein.

10       17.    Answering Paragraph 17, Defendant denies generally and specifically each and

11  every allegation contained therein.

12       18.    Answering Paragraph 18, this paragraph calls for legal conclusions which require

13  no answer and, to the extent an answer is required, Defendant denies generally and specifically

14  each and every allegation contained therein.

15       19.    Answering Paragraph 19, Defendant denies that this Class Action is certifiable

16  pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except as expressly denied, this

17  paragraph calls for legal conclusions which require no answer and, to the extent an answer is

18  required, Defendant denies generally and specifically each and every allegation contained therein.

19       20.    Answering Paragraph 20, Defendant denies that this Class Action is certifiable

20  pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except as expressly denied, this

21  paragraph calls for legal conclusions which require no answer and, to the extent an answer is

22  required, Defendant denies generally and specifically each and every allegation contained therein.

23       21.    Answering Paragraph 21, Defendant denies that this action should be permitted to

24  proceed as a Class Action, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except

25  as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the

26  extent an answer is required, Defendant denies generally and specifically each and every

27  allegation contained therein.

28  ///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

## GENERAL ALLEGATIONS

22.     Answering Paragraph 22, Defendant denies misclassifying any Plaintiffs as exempt.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

23.     Answering Paragraph 23, Defendant denies generally and specifically each and every allegation contained therein.

24.     Answering Paragraph 24, Defendant denies generally and specifically each and every allegation contained therein.

25.     Answering Paragraph 25, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## THE CONDUCT

26.     Answering Paragraph 26, Defendant admits that Plaintiffs Tull, Oliver and Swing worked at Stewart Title at some time as either a Title Office, Title Assistant or Escrow Officer. Defendant admits that some Title Officers and Escrow Officers are or were classified as exempt. Defendant denies that any Title Assistants are or were classified as exempt.  Except as expressly admitted and denied, Defendant denies generally and specifically each and every allegation contained therein.

27.     Answering Paragraph 27, Defendant denies generally and specifically each and every allegation contained therein.

28.     Answering Paragraph 28, Defendant denies generally and specifically each and every allegation contained therein.

29.     Answering Paragraph 29, Defendant denies generally and specifically each and every allegation contained therein.

30.     Answering Paragraph 30, Defendant denies generally and specifically each and every allegation contained therein.

///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

31.     Answering Paragraph 31, Defendant denies that any of the Plaintiffs were misclassified as exempt.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

32.     Answering Paragraph 32, Defendant denies that any of the Plaintiffs were misclassified as exempt.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

33.     Answering Paragraph 33, Defendant denies that any of the Plaintiffs were misclassified as exempt.  Defendant also denies that Stewart Title is a bank.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

34.     Answering Paragraph 34, Defendant denies generally and specifically each and every allegation contained therein.

35.     Answering Paragraph 35, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

36.     Answering Paragraph 36, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

37.     Answering Paragraph 37, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

38.     Answering Paragraph 38, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

## FIRST CAUSE OF ACTION

39.     Answering Paragraph 39, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 38, above.

40.     Answering Paragraph 40, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

41.     Answering Paragraph 41, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

42.     Answering Paragraph 42, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

43.     Answering Paragraph 43, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

44.     Answering Paragraph 44, Defendant denies generally and specifically each and every allegation contained therein.

45.     Answering Paragraph 45, Defendant admits that Plaintiffs have been compensated for all hours worked.  Except as expressly admitted, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

46.     Answering Paragraph 46, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

47.     Answering Paragraph 47, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

48.    Answering Paragraph 48, Defendant denies that none of the Plaintiffs satisfy the requirements for the executive exemption.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

49.    Answering Paragraph 49, Defendant denies that none of the Plaintiffs satisfy the requirements for the administrative exemption.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

50.    Answering Paragraph 50, Defendant admits that some Plaintiffs may have, on occasion, worked over forty (40) hours in a week and may have, on occasion, worked during their meal periods.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

51.    Answering Paragraph 51, Defendant admits that some Plaintiffs may have, on occasion, worked over forty (40) hours in a week and may have, on occasion, worked during their meal periods.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

52.    Answering Paragraph 52, Defendant admits that some Plaintiffs may have worked during their meal periods, and those Plaintiffs were properly compensated.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

53.    Answering Paragraph 53, Defendant denies generally and specifically each and every allegation contained therein.

54.    Answering Paragraph 54, Defendant denies generally and specifically each and every allegation contained therein.

55.    Answering Paragraph 55, Defendant denies generally and specifically each and every allegation contained therein.

///

///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

56.    Answering Paragraph 56, Defendant denies that Plaintiffs are owed any overtime compensation, interest or attorneys' fees.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## SECOND CAUSE OF ACTION

57.    Answering Paragraph 57, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 56, above.

58.    Answering Paragraph 58, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

59.    Answering Paragraph 59, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

60.    Answering Paragraph 60, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

61.    Answering Paragraph 61, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

62.    Answering Paragraph 62, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

63.    Answering Paragraph 63, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

64.    Answering Paragraph 64, Defendant denies generally and specifically each and every allegation contained therein.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

65.     Answering Paragraph 65, Defendant denies that none of the Plaintiffs satisfy the requirements for the executive exemption.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

66.     Answering Paragraph 66, Defendant denies that none of the Plaintiffs satisfy the requirements for the administrative exemption.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

67.     Answering Paragraph 67, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

68.     Answering Paragraph 68, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

69.     Answering Paragraph 69, Defendant denies that none of the Plaintiffs satisfied the requirements for the administrative, executive or professional exemptions.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

70.     Answering Paragraph 70, Defendant admits that some Plaintiffs may have, on occasion, worked over eight hours in a day and/or forty (40) hours in a week and/or on the seventh consecutive day of a workweek.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

71.     Answering Paragraph 71, Defendant denies that none of the Plaintiffs were compensated for overtime and also denies that Plaintiffs classified as exempt are entitled to overtime compensation.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

72.    Answering Paragraph 72, Defendant denies its conduct caused Plaintiffs to suffer damages.  Except as expressly denied, Defendant denies generally and specifically each and every allegation contained therein.

73.    Answering Paragraph 73, Defendant denies generally and specifically each and every allegation contained therein.

74.    Answering Paragraph 74, Defendant denies that Plaintiffs are owed any regular or overtime compensation, interest or attorneys' fees.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

75.    Answering Paragraph 75, Defendant denies generally and specifically each and every allegation contained therein.

## THIRD CAUSE OF ACTION

76.    Answering Paragraph 76, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 75, above.

77.    Answering Paragraph 77, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

78.    Answering Paragraph 78, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

79.    Answering Paragraph 79, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

80.    Answering Paragraph 80, Defendant denies generally and specifically each and every allegation contained therein.

81.    Answering Paragraph 81, Defendant denies that Plaintiffs are owed thirty (30) days of pay as penalty, interest and attorneys' fees, pursuant to California Labor Code Section 203, or any interest or attorneys' fees under California Labor Code Section 218.6.  Except as

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1  expressly denied, this paragraph calls for legal conclusions which require no answer and, to the

2  extent an answer is required, Defendant denies generally and specifically each and every

3  allegation contained therein.

4  **FOURTH CAUSE OF ACTION**

5      82.    Answering Paragraph 82, Defendant realleges and incorporates by reference

6  herein, as if set forth in full, its answers set forth in Paragraphs 1 through 81, above.

7      83.    Answering Paragraph 83, this paragraph calls for legal conclusions which require

8  no answer and, to the extent an answer is required, Defendant denies generally and specifically

9  each and every allegation contained therein.

10      84.    Answering Paragraph 84, this paragraph calls for legal conclusions which require

11  no answer and, to the extent an answer is required, Defendant denies generally and specifically

12  each and every allegation contained therein.

13      85.    Answering Paragraph 85, this paragraph calls for legal conclusions which require

14  no answer and, to the extent an answer is required, Defendant denies generally and specifically

15  each and every allegation contained therein.

16      86.    Answering Paragraph 86, Defendant denies that it intentionally and improperly

17  failed to provide Plaintiffs with meal and rest periods, without any work duties.  Except as

18  expressly denied, this paragraph calls for legal conclusions which require no answer and, to the

19  extent an answer is required, Defendant denies generally and specifically each and every

20  allegation contained therein.

21      87.    Answering Paragraph 87, Defendant denies that Plaintiffs are owed any wages for

22  missed meal or rest periods.  Except as expressly denied, this paragraph calls for legal

23  conclusions which require no answer and, to the extent an answer is required, Defendant denies

24  generally and specifically each and every allegation contained therein.

25  **FIFTH CAUSE OF ACTION**

26      88.    Answering Paragraph 88, Defendant realleges and incorporates by reference

27  herein, as if set forth in full, its answers set forth in Paragraphs 1 through 87, above.

28  ///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

89.     Answering Paragraph 89, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

90.     Answering Paragraph 90, Defendant denies that it failed to properly and accurately itemize the number of hours worked by Plaintiffs for whom this was required.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

91.     Answering Paragraph 91, Defendant denies that Plaintiffs knowingly and intentionally failed to comply with California Labor Code Section 226, that Defendant's conduct caused Plaintiffs to suffer any damage, or that Plaintiffs are entitled to any liquidated damages or attorneys' fees.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

92.     Answering Paragraph 92, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 91, above.

93.     Answering Paragraph 93, Defendant admits each and every allegation contained therein.

94.     Answering Paragraph 94, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

95.     Answering Paragraph 95, Defendant denies generally and specifically each and every allegation contained therein.

96.     Answering Paragraph 96, Defendant denies generally and specifically each and every allegation contained therein.

97.     Answering Paragraph 97, Defendant denies generally and specifically each and every allegation contained therein.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

98.    Answering Paragraph 98, Defendant denies that it has engaged in unfair and unlawful business practices.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

99.    Answering Paragraph 99, Defendant denies that it has engaged in unfair, deceptive and unlawful business practices, or that Defendant's conduct has caused Plaintiffs to suffer any harm.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## **PRAYER**

Answering Plaintiffs' Prayer, "A" through "K," Defendant answers as follows:

(A)    This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(B)    This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(C)    This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(D)    This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(E)    This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

///

///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

(F)     This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(G)     This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(H)     This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(I)     This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(J)     This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

(K)     This paragraph calls for legal conclusions which require no answer and, to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## AFFIRMATIVE DEFENSES TO EACH AND EVERY CLAIM

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to set forth a case or controversy as required by Federal law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the claims herein, as required by Federal law.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations, including, but not limited to, the provisions of California Code of Civil Procedure Section 338, California Labor Code Section 203, California Business and Professions Code Section 17208 and 29 U.S.C. Section 255 (a).

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that any alleged violation of the FLSA was not willful and that the claims of Plaintiffs, arising under the FLSA more than two years before filing this Complaint, are, therefore, barred by the statute of limitations set forth in the Portal-to-Portal Pay Act, 29 U.S.C. Section 255.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant acted in good faith at all times.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to exhaust required administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs are able to demonstrate that Defendant did not properly compensate Plaintiffs for the time worked, which Defendant expressly denies, Defendant is entitled to cure any such alleged improprieties by repaying any employees for such time made as part of the legally recognized "window of correction."

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant fully performed all contractual, statutory, and other duties owed to Plaintiffs under applicable law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

SDLIT\NELEMEN\367332.1                    - 15 -                    ANSWER TO COMPLAINT
                                                                    Case No. 08CV1095 BTM (JMA)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to properly mitigate the damages Plaintiffs seek and are thereby precluded from recovering those damages, which could have reasonably been avoided by the exercise of due care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that any damages suffered by Plaintiffs must be offset by all amounts that Plaintiffs did mitigate or reasonably could have mitigated.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs voluntarily, with full knowledge of the matters referred to in the Complaint, assumed any and all risks, hazards and perils of the circumstances referred to in Plaintiffs' Complaint and, therefore, assumed the risk of any damages sustained by Plaintiffs, if any at all.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs have failed to state facts sufficient to properly allege and/or request class certification and/or certificate as a collective action, and that class certification and/or certification as a collective action is inappropriate and unwarranted in this case.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Liability cannot be assessed against Defendant without individual testimony and evidence as to each proposed class member.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to identify an ascertainable class.

///

///

///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1

### TWENTIETH AFFIRMATIVE DEFENSE

2       Plaintiffs' Complaint fails to show that the named representatives will fairly and

3   adequately protect the interests of the class and, therefore, the Complaint should be dismissed as a

4   class action.

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

6       The identification of the class in the Complaint is not sufficiently definite, such that it can

7   be determined whether or not a particular person is or is not a member.

8

### TWENTY-SECOND AFFIRMATIVE DEFENSE

9       Defendant alleges that the allegations in the Complaint fail to show that the Class is so

10  numerous that joinder is impractical and, therefore, the Complaint should be dismissed as a class

11  action.

12

### TWENTY-THIRD AFFIRMATIVE DEFENSE

13      Defendant alleges that the allegations in the Complaint fail to show that any common

14  questions of law or fact exist in this case and, therefore, the Complaint should be dismissed as a

15  class action.

16

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

17      Plaintiffs' claims, under California Business and Professions Code Section 17200, et seq.

18  are barred because the conduct alleged falls within a safe harbor.

19

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

20      Defendant alleges that, in the event Plaintiffs are found to be entitled to unpaid wages, of

21  any kind, which circumstances Defendant specifically denies, Plaintiffs are not entitled to any

22  statutory penalties because Defendant's failure to pay all wages was not willful and that any

23  failure of Defendant to pay wages due was based upon a good faith dispute as to the application

24  of wage and hour laws applicable to Plaintiffs.

25

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26      California Business and Professions Code Section 17200 is unconstitutionally vague in

27  violation of Defendant's rights of due process and equal protection under the United States and

28  California Constitution.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2    Plaintiffs are not entitled to any statutory penalties for meal and break periods because all

3  meal and rest periods were made available and afforded to Plaintiffs and, if any meal or rest

4  periods were missed, it was because Plaintiffs failed to avail themselves of this opportunity.

5

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6    Plaintiffs' claims are barred because Plaintiffs were treated fairly and in good faith and all

7  actions taken, with regard to Plaintiffs, were taken for lawful business reasons and in good faith.

8

### TWENTY-NINTH AFFIRMATIVE DEFENSE

9    Assuming Plaintiffs are entitled to any overtime, Defendant is entitled to a credit or offset

10  against amounts overpaid to Plaintiffs in the course of their employment.  This credit or setoff

11  includes, but is not limited to, amounts erroneously overpaid to Plaintiffs.  The claims of

12  Plaintiffs are barred because they would be unjustly enriched.

13

### THIRTIETH AFFIRMATIVE DEFENSE

14    If Plaintiffs are awarded damages, based on the causes of action alleged in the Complaint,

15  their damages should be limited based on after-acquired evidence discovered by Defendant, if

16  any.

17

### THIRTY-FIRST AFFIRMATIVE DEFENSE

18    Plaintiffs are not entitled to the recovery of attorneys' fees under California Code of Civil

19  Procedure Section 1021 or any other provision of State law.

20

### THIRTY-SECOND AFFIRMATIVE DEFENSE

21    Defendant alleges that the allegations and claims, asserted in the Complaint, and in each

22  purported cause of action alleged therein, have always been and continue to be frivolous,

23  unreasonable, and groundless, and, therefore, entitle Defendant to an award of attorneys' fees and

24  costs.

25

### THIRTY-THIRD AFFIRMATIVE DEFENSE

26    Defendant alleges that Plaintiffs have not sustained, and will not sustain, any injuries,

27  damages, or other losses in any sum or sums, or at all, as a result of any act, omission, negligence

28  ///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1   or any other conduct by Defendant, and Plaintiffs are thus barred from asserting any cause of

2   action against Defendant.

3                    **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

4        Defendant alleges that Plaintiffs, while employed by Defendant, were exempt from the

5   provisions of Industrial Welfare Commission Order 4, California Code of Regulations, Title 8,

6   Section 11040 and any other law or regulation requiring the payment of overtime and, therefore,

7   are not entitled to any allegedly unpaid wages or benefits, including hours worked, overtime,

8   meal and rest periods or waiting time penalties.

9                     **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

10       Defendant alleges that the hours for which Plaintiffs claim compensation do not constitute

11  "hours worked," pursuant to Industrial Welfare Commission Order 4, California Code of

12  Regulations, Title 8, Section 11010, and the FLSA, 29 U.S.C. Section 207 and 29 C.F.R. Section

13  785 et seq.

14                    **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

15       Defendant alleges that Plaintiffs are exempt from the overtime, meal period and break

16  period provisions of the FLSA, California Wage Order 4-2001, and any other law or regulation

17  requiring the payment of overtime or meal or break periods.

18                   **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

19       Defendant alleges that any failure to meet the criteria of exempt employee status, during

20  any pay period, was the result of said Plaintiffs' exercise of discretion and judgment concerning

21  the scheduling of their time and the needs of the business and/or Plaintiffs' personal preference.

22                    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

23       Defendant alleges that Plaintiffs are not entitled to equitable relief insofar as they have an

24  adequate remedy at law.

25                    **THIRTY-NINTH AFFIRMATIVE DEFENSE**

26       Defendant alleges that Plaintiffs' claims are barred, because Plaintiffs have been paid all

27  monies lawfully owed to them.

28  ///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

**FORTIETH AFFIRMATIVE DEFENSE**

Defendant alleges that they had a good faith and reasonable belief that their wage payment practices complied with the FLSA and, therefore, pursuant to 29 U.S.C. Section 260, Plaintiffs are not entitled to any damages in excess of any overtime which may be found to be due.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that, assuming Plaintiffs are entitled to any overtime, all of the elements of compensation for Plaintiffs, which fall within Section 7(e) of the FLSA, 29 U.S.C. Section 207(e) and any corresponding state provision, must be excluded from the regular rate of pay for the purpose of calculating overtime, if any.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that, assuming Plaintiffs are entitled to any overtime, Defendant is entitled to a credit for or set off against the overtime claims of Plaintiffs for any amounts included in Section 7(h) of the FLSA, 29 U.S.C. Section 207(h).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs' state law claims are preempted by the exclusive remedy of the FLSA and the Portal-to-Portal Pay Act.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs' state law claims are barred in their entirety or in part by the dormant commerce clause.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs' claims should be abated and Plaintiffs should be forced to pursue their administrative remedies, with the California Division of Labor Standards Enforcement and/or the Department of Labor, which has primary jurisdiction over Plaintiffs' claims.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges the assessment of liquidated damages as requested in Plaintiffs' Complaint would be a denial of equal protection and due process guaranteed by the Constitutions of the State of California and the United States and would be a violation of the excessive fines

clause and the double jeopardy clause, set forth in the Eighth and Fifth Amendments to the Constitution of the United States, respectively.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.     That Plaintiffs take nothing by way of this action;

2.     That the Complaint and action be dismissed with prejudice;

3.     That Defendant have judgment against Plaintiffs;

4.     That Defendant recover its costs of suit herein incurred, including reasonable attorneys' fees; and

5.     For such other and further relief as the Court deems just and proper.

Dated: July 15, 2008                 BEST BEST & KRIEGER LLP


*/s/ Arlene Prater*
ARLENE PRATER
ALISON D. ALPERT
Attorney for Defendant
STEWART TITLE OF CALIFORNIA, INC.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1

## <u>CERTIFICATE OF SERVICE</u>

2

3       The undersigned hereby certifies that all counsel of record who are deemed to have

4   consented to electronic service are being served with a copy of this document via the Court's

5   CM-ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of records

6   will be served by facsimile transmission and/or first class mail this 15th day of July, 2008.

7

8                                    */s/ Arlene Prater*

9

10

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  ARLENE PRATER, BAR NO. 67191
   ALISON D. ALPERT, BAR NO. 199257
2  BEST BEST & KRIEGER LLP
   655 West Broadway, 15th Floor
3  San Diego, California 92101
   Telephone: (619) 525-1300
4  Telecopier: (619) 233-6118
   Email: arlene.prater@bbklaw.com
5  Email: alison.alpert@bbklaw.com

6  Attorneys for Defendant
   STEWART TITLE OF CALIFORNIA, INC.

7

8

9                  UNITED STATES DISTRICT COURT

10                SOUTHERN DISTRICT OF CALIFORNIA

11

12  BRENDA TULL, an individual, DARYL      Case No.:    08CV1095 BTM (JMA)
    SWING, an individual, and RHONDA       Judge:       Hon. Barry T. Moskowitz
13  OLIVER, an individual on behalf of
    themselves, and on behalf of all persons   CLASS ACTION
14  similarly situated,
                                           CORPORATE DISCLOSURE STATEMENT
15             Plaintiffs,
                                           [Fed. R. Civ. P. 7.1]
16         v.

17  STEWART TITLE OF CALIFORNIA,           Complaint Filed:   June 20, 2008
    INC., a California Corporation, and Does 1   Trial Setting:   None
18  to 100,

19             Defendants.

20

21

22

23

24

25

26

27

28

Stewart Title of California, Inc. ("Stewart Title") certifies that it is a non-governmental corporation organized and existing under the laws of the State of California.

1.    Stewart Title is not a publicly-held corporation or other public-held entity.

2.    Stewart Title's parent corporation is Stewart Title Company.

3.    No publicly-held corporation owns ten percent (10%) or more of Stewart Title's stock.

Dated: July 15, 2008                    BEST BEST & KRIEGER LLP


                                        /s/ Arlene Prater
                                        ARLENE PRATER
                                        ALISON D. ALPERT
                                        Attorney for Defendant
                                        STEWART TITLE OF CALIFORNIA, INC.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM-ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of records will be served by facsimile transmission and/or first class mail this 15th day of July, 2008.


                              /s/ Arlene Prater

1  ARLENE PRATER, BAR NO. 67191
   ALISON D. ALPERT, BAR NO. 199257
2  BEST BEST & KRIEGER LLP
   655 West Broadway, 15th Floor
3  San Diego, California 92101
   Telephone: (619) 525-1300
4  Telecopier: (619) 233-6118
   Email: arlene.prater@bbklaw.com
5  Email: alison.alpert@bbklaw.com

6  Attorneys for Defendant
   STEWART TITLE OF CALIFORNIA, INC.

7

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12 | BRENDA TULL, an individual, DARYL SWING, an individual, and RHONDA OLIVER, an individual on behalf of themselves, and on behalf of all persons similarly situated, | Case No.:    08CV1095 BTM (JMA)
   |  | Judge:       Hon. Barry T. Moskowitz
13 |  |
   |  | CLASS ACTION
14 |  |
   |  | NOTICE OF RELATED CASE PURSUANT
15 |             Plaintiffs, | TO LOCAL CIVIL RULE 40.1(E)
   |  |
16 |        v. |
   |  | Complaint Filed:    June 20, 2008
17 | STEWART TITLE OF CALIFORNIA, INC., a California Corporation, and Does 1 to 100, | Trial Setting:      None
18 |  |
   |  |
19 |             Defendants. |

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1   Defendant Stewart Title of California, Inc. ( "Stewart Title") hereby submits the

2   following Notice of Related Case pursuant to Local Civil Rule 40.1(e).

3   The above-captioned action is related to *Carol Lane, Rhonda Davidson and Stevette*

4   *Gambril v. Stewart Title Company*, Superior Court of the State of California, County of Fresno

5   Civil Case No. 07CECG01735AMC which was filed on June 1, 2007, and is currently

6   proceeding in the Fresno Superior Court. The instant action is related because both actions

7   involve the same parties and are based on the same claims; involve the same transaction or event;

8   and involve substantially the same facts and same questions of law. CivLR 40.1(f). Namely,

9   both actions assert claims, as a class action, on behalf of a class of Escrow Officers employed by

10  Stewart Title for wage and hour violations of the California Labor Code and violations of

11  California Business and Professions Code section 17200 et seq. for unfair business practices.

12  Although there is a relationship between the instant action and *Carol Lane, Rhonda Davidson and*

13  *Stevette Gambril v. Stewart Title Company*, the cases cannot be assigned to a single District

14  Judge, as both cases are not in federal court; however, the cases may be coordinated to effect a

15  saving of judicial effort and further the interests of judicial economy.

16  Dated: July 15, 2008                          BEST BEST & KRIEGER LLP

17

18                                               */s/ Arlene Prater*
                                                 ARLENE PRATER
19                                               ALISON D. ALPERT
                                                 Attorney for Defendant
20                                               STEWART TITLE OF CALIFORNIA, INC.

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM-ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of records will be served by facsimile transmission and/or first class mail this 15th day of July, 2008.

/s/ Arlene Prater

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101