1
2
3
4
5
6
7
8
9           **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  | BRENDA TULL, an individual,  DARYL | Case No.: 08 CV1095 BTM (JMA)

13  SWING, an individual, and RHONDA
    OLIVER, an individual, on behalf of
    themselves, and on behalf of all persons    **PROTECTIVE ORDER**

14  similarly situated,

15                      Plaintiffs,

16  vs.

17  STEWART TITLE OF CALIFORNIA, INC.,
    a California Corporation, and Does 1 to 100,

18

19                      Defendants.

20

21          WHEREAS, Plaintiffs Brenda Tull and Daryl Swing, on behalf of themselves and all

22  persons similarly situated ("Plaintiffs"), and Defendant Stewart Title of California, Inc. ("Stewart")

23  ("Defendant") are engaged in discovery that will require the production of documents that contain

24  or disclose trade secrets or other confidential personal, technical, business, or financial information;

25  and,

26          THEREFORE, the parties stipulate to, and apply jointly to the Court for, entry of this

27  Protective Order as follows:

28

1    1.    This Protective Order shall govern any designated record of information produced

2  in this action, including all designated deposition testimony, all designated testimony taken at a

3  hearing or other proceeding, interrogatory answers, documents (including, without limitation,

4  computer and electronic files), and other discovery materials (whether produced informally or in

5  response to interrogatories, requests for admissions, requests for production of documents, or

6  other formal method of discovery).

7    2.    Each party shall have the right to designate as confidential and subject to this

8  Protective Order any information, document, or portion of any documents produced in this

9  litigation which contains trade secrets or other confidential personal, technical, business, or

10  financial

11  information. This designation shall be made by stamping each page of the document containing

12  confidential information with the legend CONFIDENTIAL prior to its production or, if

13  inadvertently produced without the legend, by furnishing written notice to the receiving party that

14  the information or document shall be designated as CONFIDENTIAL under this Protective

15  Order. With respect to all materials provided by one party for inspection by another party's

16  counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies

17  of the materials are requested after inspection and selection by counsel. Making documents and

18  things available for inspection shall not constitute a waiver of any claim of confidentiality, and all

19  materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the

20  time of the inspection.  Nothing contained in this Protective Order shall be deemed to require

21  disclosure or production of any document, information, material, deposition testimony or exhibit.

22    3.    Each party and all persons bound by the terms of this Protective Order shall use

23  any information or document designated as CONFIDENTIAL only for the purpose of prosecution

24  or defense of this action. No such party or other person shall use any information designated as

25  CONFIDENTIAL for any purpose other than the prosecution or defense of this action. The

26  attorneys of record for the parties shall exercise reasonable care to insure that the information and

27  documents governed by this Protective Order are (i) used only for the purposes specified herein,

28  and (ii) disclosed only to persons to whom disclosure of such information and documents is

1  authorized by this Protective Order.

2      4.     Except as otherwise provided by written stipulation of the parties or by further

3  order of the Court, documents or information designated CONFIDENTIAL may be disclosed

4  only to counsel of record and their secretarial and legal assistants and, on a need-to-know basis

5  only and subject to paragraph 5 of this Protective Order, to the parties, to employees of the

6  parties, and to consultants and experts retained by the parties or their attorneys for purposes of

7  this litigation (including, without limitation, persons engaged in the scanning, copying, and/or

8  coding of such information or documents).

9      5.     In no event shall any information or documents designated as CONFIDENTIAL

10 be disclosed to any person other than the parties' counsel and their secretarial and legal assistants

11 pursuant to Paragraph 4 of this Protective Order until such person has executed a written

12 confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective

13 Order, and consenting to be subject to the personal jurisdiction of the United States District Court

14 for the Southern District of California for any proceeding relating to enforcement of this

15 Protective Order, in the form set forth in Exhibit A hereto.

16     6.     Documents and information designated CONFIDENTIAL shall include (a) all

17 copies, extracts, and complete or partial summaries prepared from such documents or

18 information; (b) portions of deposition transcripts and exhibits that contain or reflect the content

19 of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any

20 other writing filed with the Court and exhibits that contain or reflect the content of any such

21 documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance

22 with Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is designated in

23 accordance with Paragraph 8.

24     7.     Deposition transcripts, or portions thereof, may be designated as subject to this

25 Protective Order either (1) before or immediately after the testimony is recorded, in which case

26 the transcript of the designated testimony shall be bound in a separate volume conspicuously

27 labeled CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the reporter

28 and all counsel of record, given within ten (10) days after the transcript is received by the witness

1    or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall

2    be responsible for marking the copies of the designated transcript in their possession or under

3    their control as directed by the designating party. The designating party shall have the right to

4    exclude the following persons from a deposition before taking of testimony which the designating

5    party designates as CONFIDENTIAL subject to this Protective Order: all persons except the

6    court reporter, counsel of record, the deponent, the parties (or the designated representative of a

7    party), and any consultant or expert retained for purposes of this litigation.

8         8.      With respect to testimony elicited during hearings and other court proceedings,

9    whenever counsel for any party deems that any question or line of questioning calls for the

10   disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the

11   record prior to such disclosure that the disclosure is CONFIDENTIAL. Whenever matter

12   designated CONFIDENTIAL is to be discussed in a hearing or other court proceeding, any party

13   claiming such confidentiality may exclude from the room any person who is not entitled under

14   this Protective Order to receive such information, subject to any ruling by the Court respecting

15   the designation of such information as CONFIDENTIAL.

16        9.      Notwithstanding any other provisions of this Order, nothing shall prohibit counsel

17   for a party from disclosing a document, whether designated as CONFIDENTIAL, to any

18   employee, officer, or director of the party who produced the document or information so

19   designated.

20        10.     Subject to public policy, and further court order, nothing shall be filed under seal,

21   and the Court shall not be required to take any action, without separate prior order by the Judge

22   before whom the hearing or proceeding will take place, after application by the affected party with

23   appropriate notice to opposing counsel.  The application for an Order to file a pleading or paper

24   under seal shall set forth the reasons why such pleading or paper should be filed under seal, but

25   shall not attach the actual pleading or paper containing the CONFIDENTIAL material. If the Court

26   grants the party's application to file the pleading or paper under seal, then the party shall file the

27   pleading or paper in a sealed envelope, or other appropriately sealed container, which indicates the

28   title of the action, the title of the pleading or paper, the party filing materials, the nature of the

materials filed, the legend CONFIDENTIAL, and a statement which provides in substance:

"Subject to Protective Order issued by United States District Court for the Southern District of

California.  This should not be opened nor its contents disclosed, revealed, copied, or made public

except in compliance with that Protective Order."  At the conclusion of this case, the party who

filed any materials under seal may apply to the Court for the return of all such material to the party

filing it for disposition as provided for in Paragraph 14.

        a.  If the Court grants a party permission to file an item under seal, a duplicate

disclosing all nonconfidential information, if any, shall be filed and made part of the public record.

The item may be redacted to eliminate confidential material from the document.  The document

shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed

Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted

documents shall be filed simultaneously.

      11.    Any party may mark any documents or information designated as

CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any

witness thereon, provided (i) the witness previously has executed a written confidentiality

agreement in the form of Exhibit A hereto, (ii) the exhibit and related transcript pages receive the

same type of confidentiality designation as the original document, (iii) there is reason to believe

this witness has knowledge or information to which such designated material is relevant, and (iv)

the witness is entitled to see the document pursuant to the terms of this Protective Order.

      12.    This Protective Order shall not preclude any party from withholding production of

especially sensitive trade secrets even though less sensitive trade secrets may be disclosed under

the CONFIDENTIAL designation. Any party so limiting disclosure shall state, in response to any

particular discovery request seeking such trade secrets, that it is doing so on trade secret grounds

and provide a general description sufficient (without disclosing the trade secret) to identify the

information or documents being withheld. For documents, such identification shall include the

document's date, author, recipients (including carbon copy recipients), and general subject matter.

No party is precluded from applying to the Court for an Order permitting the disclosure or use of

information or documents otherwise prohibited by this Protective Order, or from applying for an

1  Order modifying this Protective Order in any respect. No party shall be obligated to challenge the

2  propriety of any confidentiality designation (whether CONFIDENTIAL) and failure to do so shall

3  not preclude a subsequent attack on the propriety of such designation.

4        13.    This Protective Order shall not preclude any party from withholding production of

5  highly confidential information or documents, including, but not limited to, information or

6  documents which are protected by an individual's right to privacy under the United States and

7  California constitutions, even though less sensitive confidential information or documents may be

8  disclosed under the CONFIDENTIAL designation.  Any party so limiting disclosure shall state, in

9  response to any particular discovery request seeking such highly confidential information, that it is

10  doing so on grounds of confidentiality and provide a general description sufficient (without

11  disclosing the highly confidential information) to identify the information or documents being

12  withheld.  No party is precluded from applying to the Court for an Order permitting the disclosure

13  or use of information or documents otherwise prohibited by this Protective Order, or from applying

14  for an Order modifying this Protective Order in any respect. No party shall be obligated to

15  challenge the propriety of any confidentiality designation (whether CONFIDENTIAL) and failure

16  to do so shall not preclude a subsequent attack on the propriety of such designation.

17        14.    On any motions challenging the withholding of documents or information or

18  seeking greater disclosure of documents or information designated CONFIDENTIAL than

19  allowed by this Protective Order without court order, the parties will not dispute that their

20  respective burdens of proof shall be as outlined in <u>Bridgestone v. Superior Court</u>, 7 Cal. App. 4th

21  1384 (1992). Any withheld material ordered by the Court to be disclosed shall be deemed

22  classified CONFIDENTIAL under this Protective Order unless the Court orders otherwise, and

23  any such order may include additional safeguards to protect the disclosed material from further

24  disclosure. Any party ordered to disclose information that were initially withheld from

25  production may seek writ review of that order.

26        15.    Upon final termination of this action, including all appellate proceedings, unless

27  otherwise requested in writing by an attorney of record for the designating party to return material

28  designated as CONFIDENTIAL to the party from whom the designated material was obtained,

each party shall destroy all material designated as CONFIDENTIAL, including all copies, extracts and summaries thereof. Proof of such destruction, in the form of a declaration under oath by a person with personal knowledge of the destruction, will be supplied by each party to all counsel of record. In addition, within thirty (30) days after final termination of this action, the party who filed and/or lodged any material designated as CONFIDENTIAL under seal may apply to the Court for the return of all such material. If no party applies to the Court for return of the material designated as CONFIDENTIAL within the thirty (30) days, then the Court may destroy the documents or otherwise dispose of the materials as the Court deems appropriate.

16.     No part of the restrictions imposed by this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of this Court for good cause shown. The termination of this action shall not terminate this Protective Order.

**IT IS SO ORDERED**.

DATED:  February 24, 2009

Jan M. Adler
U.S. Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA TULL, an individual, DARYL SWING, an individual, and RHONDA OLIVER, an individual, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>STEWART TITLE OF CALIFORNIA, INC., a California Corporation, and Does 1 to 100,<br><br><br>            Defendants. | Case No.: 08 CV1095 BTM (JMA)<br><br>CLASS ACTION<br><br>**EXHIBIT A TO PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE** |

I certify that I have received and carefully read a copy of the Protective Order in the above-captioned case and that I fully understand the terms of the Court's Order. I recognized that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of California for any proceedings involving the enforcement of that Order.

I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct. Executed this _____ day of _____, 2009, at _____, _____.

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

Signature: _____